IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Jerry T. Moorehead, | ) | Civil Action No. 6:15-4253-BHH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| J.T. Godfrey, | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, a detainee who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

The plaintiff filed a complaint on October 15, 2015. The record reveals that the plaintiff was advised by order dated October 19, 2015, of his responsibility to notify the court *in writing* if his address changed (doc. 9).

On December 21, 2015, this court's order (doc. 20) ruling on the defendants' motion for extension of time to file dispositive motions was returned as undeliverable (doc. 22). On February 5, 2016, this court's notification (doc. 23) that the case had been reassigned to a different district judge was returned as undeliverable and marked "released from custody" (doc. 27). On January 1, 2016, the defendant filed a motion to enforce subpoena (doc. 26). The plaintiff's response was due on February 8, 2016. The plaintiff has not responded.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v.*

*Carlson*, 882 F.2d 93, 95 (4th Cir.1989).  In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions.  It is solely through the plaintiff's neglect, and not that of an attorney, that he has failed to keep the court apprised of his address as required in this court's orders.  Meanwhile, the defendants are left to wonder when the action against them will be resolved.  Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit.  No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action.  Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  *Ballard*, 882 F.2d at 95.  *See, e.g. Roberts v. Shelton*, C.A. No. 6:12-cv-2724-JMC, 2013 WL 3991112 (D.S.C. Aug. 1, 2013) (dismissing case pursuant to Rule 41(b) where plaintiff failed to keep the court apprised of his address).

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

February 16, 2016
Greenville, South Carolina

2